CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 0 1 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

RUSSELL LYNN HILLE,

    Plaintiff,

v.

DAMON PROPST,

    Defendant.

Civil Action No. 7:05CV00361

**MEMORANDUM OPINION**

By: Hon. Glen E. Conrad
United States District Judge

This case has been pending since June 13, 2005, but questions regarding service of process remain. For the reasons stated below, the court finds that there has not been proper service of process. The plaintiff must either submit the requisite fee for the United States Marshal to effect service or arrange for a non-party at least 18 years of age to effect service upon the defendants.

### Background

Russell Hille filed suit against Damon Propst of the Glasgow Police Department for personal injuries resulting from a violation of his civil rights under 42 U.S.C. § 1983. On June 13, 2005, this court entered an order directing that the complaint be conditionally filed and directing the plaintiff to pay the appropriate filing fee. A courtesy copy was sent to the defendants. The plaintiff paid the fee on June 29. There has been no activity in the case since July 13, 2005.

### Service of Process Considerations

<u>Service Upon Mr. Simons</u>

The plaintiff stated in a July 13, 2005 filing that he received notice on July 11 that the service he had mailed to Tom Simons at Glasgow Town Hall had been refused. The plaintiff

explained that he "walked this 'refused' parcell [sic] to town hall, and I spent a moment with Mr. Drew Haven[s], who signed for the parcel as Mr. Tom Simons['] agent." Havens' signature for the parcel, which presumably included the summons and complaint, does not suffice to effect service under Federal Rule of Civil Procedure 4(e). Subsection (1) of Rule 4(e) allows service "pursuant to the law of the state in which the district court is located." Under the law of Virginia, service must be effected in person, but in the event that personal service is not possible, substituted service by one of the following methods, which must be attempted in sequence, is acceptable: (1) delivery at his usual place of abode to a family member who is not a temporary sojourner or guest and is at least 16 years old, (2) posting a copy at the front door of the usual place of abode and mailing service, or (3) publication. Va. Code Ann. § 8.01-296. Hille did not employ any of these alternatives.

Subsection (2) of Rule 4(e) allows service of process by personal service, or by leaving a copy of the summons and complaint "at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein" or by delivery to "an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(1). Hille contends that Havens signed as Simons' agent and further states that this was appropriate because "he does employ Mr. Simons." However, an employment relationship alone is insufficient to establish an agency relationship for purposes of service of process. See Schwarz v. Thomas, 222 F.2d 305, 308 (D. D.C. 1955) ("The rule is clear that it must appear that any agent who accepts service must be shown to have been authorized to bind his principal by the acceptance of process and, further, that the authority to accept such service cannot be shown by the extra-judicial statements of the attorney."); Fowler v. Mosher, 85 Va. 421, 7 S.E. 542, 543 (1888).

2

Consequently, in order to effect service of process upon Simons, the plaintiff must either request the court to direct that service be effected by the U.S. Marshal and remit the required fee, or he must arrange to have a non-party who is at least 18 years old serve Simons personally. Fed. R. Civ. P. 4(c)(2); Va. Code Ann. § 8.01-296.

Service Upon Mr. Propst

With respect to service upon Propst, the plaintiff stated in his letter of July 11 that Damon Propst, the only named defendant in this case, "signed for his copy weeks ago." This statement indicates that Propst received personal service, but leaves open the question as to who effected the service of process. If Hille personally served Propst, Propst may be able to quash service under Rule 4(c)(2). Fed. R. Civ. P. 4(c)(2) ("Service may be effected by any person who is *not* a party...." (emphasis added)). The uncertainty of the manner of service as to Propst, in conjunction with the manner in which the plaintiff attempted service upon Simons and the fact that Propst has not yet answered the complaint, despite the passing of 20 days after the alleged service of process, leads this court to conclude that service as to Propst was inadequate. See Fed. R. Civ. P. 12(a)(1)(A).

The plaintiff therefore has the same two options with respect to the service of Propst as he does for Simons. He may request that the court direct the U.S. Marshal to effect service, upon payment of the appropriate fee, or he may make alternate arrangements for service on his own, so long as service is effected by a non-party who is at least 18 years old.

3

## Conclusion

Service in this case is ostensibly faulty as to both of the defendants. Although the case could be dismissed as to Simons, and possibly also as to Propst, for failure to effect service of process within 120 days after the filing of the complaint, the court will allow the plaintiff additional time to attempt to comply with the service provisions of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(m). The court reminds the plaintiff that should he fail to effect service of process upon the relevant defendants within the time period prescribed in the accompanying order, the court will likely dismiss his case. Id. The plaintiff must now decide which of the two options for service he wishes to pursue and then ensure that service is effected in a timely fashion.

DATED this 1st day of February, 2006.

_____
United States District Court Judge